UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 13-61757-CIV-COHN/SELTZER

SEAN JOHNSTONE,

    Plaintiff,

vs.

ALDRIDGE CONNORS, LLP,

    Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court upon Defendant Aldridge Connors, LLP's Motion to Dismiss Plaintiff's Complaint [DE 11] ("Motion"). The Court has considered the Motion, Plaintiff's Response [DE 14] ("Response"), Defendant's Reply [DE 19], the record in the case, and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Sean Johnstone ("Plaintiff") commenced this action against Defendant Aldridge Connors, LLP ("Defendant") on August 14, 2013. According to the Complaint, Defendant sought to collect a debt from Plaintiff. Compl. [DE 1] ¶ 16. The debt at issue arises from Plaintiff's ownership of a home which served as his primary residence. Id. ¶ 17. Plaintiff contends that Wells Fargo Bank, N.A. ("Wells Fargo") hired Defendant to collect the alleged debt. Id. ¶ 18. On or about August 21, 2012, Defendant caused a summons and complaint to be served upon Plaintiff which sought collection of the alleged debt. Id. ¶ 19. Plaintiff contends that the foreclosure complaint also sought a potential deficiency judgment. Id. ¶ 23. Attached to the foreclosure

complaint was a Notice Required Under the Fair Debt Collection Practices Act (the "Notice."). Id. ¶ 29.  The Notice identifies Wells Fargo as the creditor of the loan.  Id. ¶ 34.  According to Plaintiff, however, Federal Home Loan Mortgage Corporation ("Freddie Mac") is actually the person to whom the debt is owed.  Id. ¶¶ 35, 37.

Plaintiff alleges that the Notice contains false, deceptive, and misleading representations in violation of section 1692e(10) of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA").  Id. ¶ 43.  Specifically, Plaintiff contends that the Notice misstates the applicable legal standard regarding the presumption of the validty of a debt by adding a writing requirement, falsely states that the amount of the debt is provided in the foreclosure complaint, and misrepresents the name of the creditor.  Id.  Defendant has now moved to dismiss the Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that the Complaint fails to state a claim.  Plaintiff opposes the Motion.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 12(b)(6), a court shall grant a motion to dismiss where, based upon a dispositive issue of law, the factual allegations of the complaint cannot support the asserted cause of action.  Glover v. Liggett Grp., Inc., 459 F.3d 1304, 1308 (11th Cir. 2006).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

Nonetheless, a complaint must be liberally construed, assuming the facts alleged

therein as true and drawing all reasonable inferences from those facts in the plaintiff's favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well pleaded complaint will survive a motion to dismiss "'even if it appears that a recovery is very remote and unlikely.'"  Id. at 556.

Title 15 U.S.C. § 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).  To state a claim under this provision, a plaintiff must allege: "(1) [ ]he was the object of collection activity arising from consumer debt; (2) Defendants are debt collectors as defined by the FDCPA; and (3) Defendants have engaged in an act or omission prohibited by the FDCPA."  McCorriston v. L.W.T., Inc., 536 F. Supp. 2d 1268, 1273 (M.D. Fla. 2008).

Defendant first argues that Plaintiff cannot state a FDCPA claim because a mortgage foreclosure action cannot constitute debt collection.  Motion at 6.  Defendant argues that the foreclosure complaint at issue sought only to foreclose on the mortgage, not the payment of funds or money.  Id. at 8.  Plaintiff maintains, however, that the foreclosure complaint also seeks to collect a debt.  Response at 5.  In support of this argument, Plaintiff relies on the language of a proposed final judgment Defendant has entered in similar foreclosure actions.  Id. at 5-6.

To support its argument that it was not engaged in debt collection, Defendant relies on Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458 (11th Cir. 2009), where the Eleventh Circuit held that "foreclosing on a home is not debt collection for purposes of § 1692g."  Id. at 460.  However, as recently observed by this Court, "the

3

holding in Warren has subsequently been called into question by the Eleventh Circuit's later opinions in Birster v. American Home Mortg., Servicing, Inc., 481 F. App'x 579, 583 n.2 (11th Cir. 2012) and Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211 (11th Cir. 2012)." Lewis v. Marinosci Law Grp., P.C., No. 13-61676-CIV, 2013 WL 5789183, at *3 (S.D. Fla. Oct. 29, 2013) (Dimitrouleas, J.) (citing Santiago v. EverBank, No. 1:12-CV-2793-VEH, 2013 WL 1176074 (N.D. Ala. Mar. 19, 2013)).  Indeed, the Eleventh Circuit has more recently held in a published opinion that "[a] communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest."  Reese, 678 F.3d at 1218; Birster, 481 F. App'x at 583 ("[A]n entity can both enforce a security interest and collect a debt."); see also Lewis, 2013 WL 5789183, at *3 (holding that a defendant law firm was engaged in debt collection activity under the FDCPA when it sent an allegedly deceptive notice to the plaintiff along with a mortgage foreclosure complaint); Rotenberg v. MLG, P.A., No. 13-cv-22624-UU, 2013 WL 5664886, at *2 (S.D. Fla. Oct. 17, 2013) (same).[1]  Accordingly, Plaintiff has sufficiently alleged that Defendant was engaged in debt collection activity.

Defendant next argues that Plaintiff cannot state a claim based on 15 U.S.C. § 1692e because the Notice is not an initial communication.  Motion at 9.  In opposition, Plaintiff points out that the Complaint alleges a violation of 15 U.S.C. § 1692e, not 15

---

[1]  Here, the foreclosure complaint seeks enforcement of both the note and mortgage.  Foreclosure Complaint, Exhibit A to the Compl. [DE 1-1] ¶ 4 & wherefore clause.  Thus, Defendant's argument that it only sought to foreclose a security interest is doubtful.

U.S.C. § 1692g(a) which deals with initial communications.  Response at 9.  The Court agrees.  Plaintiff concedes in his Complaint that the Notice attached to the foreclosure complaint was not required under the FDCPA because complaints are not considered initial communications under § 1692g(a).  Compl. ¶¶ 30, 39.  Instead, Plaintiff has brought a claim under 15 U.S.C. § 1692e(10) which governs "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."  15 U.S.C. § 1692e(10).  Conceding that Plaintiff's claim is not brought under § 1692g, Defendant nonetheless argues that "the exemption provided by §1692g(d), would extend to claims under §1692e [ ] as well."  See Motion at 9.  Defendant, however, has failed to provide any support for this proposition.  On the contrary, this argument has recently been rejected by this Court.  Lewis, 2013 WL 5789183, at *4 ("Therefore, the definitions and exceptions relating to a 'communication'—or to whether a 'legal pleading' may constitute an 'initial communication'—under §§ 1692a(2), c(b), g(a), and/or g(d) are inapplicable to Plaintiff's claim [under § 1692e]."); Rotenberg, 2013 WL 5664886, at *3 (same).  Consequently, Defendant's argument that the Notice is exempt fails.

Finally, Defendant asserts that the Notice is not deceptive to the least sophisticated consumer.  Motion at 9.  Defendant fails to provide any support for this assertion.  In opposition, Plaintiff reiterates that the Notice falsely claims that the amount of debt was stated in the foreclosure complaint, misstates the name of the creditor, and incorrectly implies that there is a writing requirement under 1692g(a)(3).  Response at 10-11.  The Court finds that these allegations collectively establish potential violations of the FDCPA which could be deceptive to the least sophisticated

consumer.  See Battle v. Gladstone Law Group, P.A., No. 12-14458-CIV, 2013 WL 3297552, at *4 (S.D. Fla. June 28, 2013) (finding that plaintiff had sufficiently plead FDCPA violation related to notice attached to mortgage foreclosure complaint). Accordingly, the Court will deny Defendant's Motion.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant Aldridge Connors, LLP's Motion to Dismiss Plaintiff's Complaint [DE 11] is **DENIED**; and

2. Defendant shall file its answer to the Complaint on or before November 27, 2013.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 20th day of November, 2013.

_____
JAMES I. COHN
United States District Judge

Copies provided to counsel of record via CM/ECF.